**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTONIO EUGENE BURTON**                                                                **PLAINTIFF**

**V.**                                                           **NO. 4:13CV00054-JMV**

**CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claims for a period of disability and disability insurance benefits and for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the court finds that the Commissioner's decision is not supported by substantial evidence in the record. Specifically, at step five of the sequential evaluation process, the ALJ relied upon vocational expert testimony that the claimant could perform other work in the national economy, considering his RFC for sedentary work, except that he required "a sit/stand option" and had certain nonexertional limitations. Interestingly, in her opinion, the ALJ further qualified the claimant's RFC to include "an alternating sit/stand *at will* option." Nevertheless, because the ALJ failed to specify the frequency for the claimant's need to alternate positions–as directed in

SSR 96-9p–and because the court could find no evidence directly contradicting the claimant's testimony that the needed frequency was near constant, the decision must be reversed. On remand, the ALJ will determine the frequency of the claimant's need to alternate between sitting and standing and the length of time needed to stand. If necessary, the ALJ will obtain additional medical opinion evidence. Ultimately, the ALJ will obtain additional vocational expert testimony on the question of whether there are a significant number of other jobs in the national economy the claimant can perform considering his modified RFC (which must specify the frequency of the need to alternate positions as set out above) and other relevant factors.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 10th day of September, 2013.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE